**SANTO J. BONANNO, ESQ**
**1430 ROUTE 23 NORTH**
**WAYNE, NEW JERSEY  07470**
**973-686-9060**
Attorney for **PLAINTIFF**

| | |
|---|---|
| **JOEL F. BAUM** | : **UNITED STATES DISTRICT COURT** |
| | : **NORTHERN NEW JERSEY** |
| **Plaintiff,** | : |
| | : **DOCKET NO.** |
| vs. | : |
| **ESTATE OF BRIAN M. FREEMAN, ESTATE OF HARRIET E.A. FREEMAN, HEATH FREEMAN, AMANDA FREEMAN, DANYELLE FREEMAN, FREEMAN HOLDINGS, LLC, BAYWAY PARTNERS V. LLC, BRIAN M. FREEMAN ENTERPRISES INC., AND MICHAEL STERN, ESQ.** | : **CIVIL ACTION** |
| | : |
| **Defendant.** | : **COMPLAINT** |

Plaintiff by way of complaint against the defendants, says:

### JURISDICTION

Diversity of citizenship between some of the parties and damages exceed $800,000.00.

### FACTS COMMON TO ALL COUNTS

1. At all times pertinent hereto, Joel F. Baum was and is a resident of the State of New Jersey and County of Union.

2. Brian M. Freeman was a personal friend and business advisor to plaintiff residing and doing business in the State of New Jersey and now deceased.

3. Harriet E.A. Freeman was a personal friend and wife of Brian M. Freeman, and heir to his estate, now deceased.

4. Heath Freeman, Amanda Freeman and Danyelle Freeman are the adult children of Brian and Harriet Freeman, as heirs to the Estate of their parents.

5. Freeman Holdings LLC, Bay Way Partners V LLC and Brian M. Freeman Enterprises, are business entities in what and through which Brian Freeman invested monies obtained from plaintiff.

6. Michael Stein, Esq., is an attorney at law who borrowed $54,000.00 from the plaintiff.

## COUNT ONE

## BREACH OF CONTRACT

7. At all times pertinent hereto, Brian M. Freeman was in the business of obtaining investment money from the public and friends, through the entities referenced above.

8. Plaintiff based upon the representation of defendant Brian M. Freeman, invested in various entities including but not limited to Freeman Holdings LLC, Bayway Partners V. LLC and AP Stream, UNext Guardian Leasing Group, Dance Group, Techscape Minerava, Eatoni Ergonous, Brian M. Freeman Enterprises, Inc., Golden Scridens and Loans to Michael Stern, Esq.

9. From time to time accountings were made to plaintiff by Defendant, Brian M. Freeman. Upon information and belief Brian M. Freeman died approximately five years

ago. No estate was opened, to the best of plaintiff's knowledge, but it is believed all his assets were inherited by defendant, Estate of Harriet E.A. Freeman.

10. Plaintiff communicated with Defendant Harriet E.A. Freeman, for a period of time after Brian Freeman's death requesting an accounting of his investments. He then learned of Harriet Freeman's death.

11. Plaintiff wrote to Harriet and the heirs of the Estate of Brian Freeman, his three children in September 2006, requesting payment of a $50,000.00 loan, he made to their husband/father for the children's education, shortly before his death. The loan was subject to a written note, but plaintiff never received a copy.

12. The defendant children offered to pay the $50,000.00 to plaintiff on the condition he sign a "general Release" against Brian M. Freeman and his estate, Harriet E.A. Freeman and her estate, Health, Danyelle, and Amanda Freeman, the heirs and successors to the estate of their parents.

13. On or about April 12, 2007 plaintiff wrote to the heirs of the two estates, requesting an accounting of all his investments and the $50,000.00. This has been refused. Through Counsel for defendants, plaintiff was assured the repayment of the $50,000.00 was not conditioned on the general release.

14. The acts of the defendants constitute a breach of contract.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

B. Compensatory Damages

C. Interest

D. Attorney fees and costs

## COUNT TWO

## BREACH OF FIDICUARY OBLIGATION

15. Plaintiff repeats each and every allegation as contained in Count One as if repeated herein at length.

16. Defendants have and had a fiduciary obligation to plaintiff to manage and account for the assets put into their care.

17. Requests for an accounting and proof of management have been requested and denied.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

B. Compensatory Damages

C. Interest

D. Attorney fees and costs

## COUNT THREE

## UNJUST ENRICHMENT

18. Plaintiff repeats each and every allegation as contained in Count One and Two as if repeated herein at length.

19. Defendants have been unjustly enriched by refusing to re-pay the Education Loan and keeping plaintiff's assets.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

B. Compensatory Damages

C. Interest

D. Attorney fees and costs

## COUNT FOUR

## CONVERSION

20. Plaintiff repeats each and every allegation as contained in Count, One Two and Three as if repeated herein at length.

21. Defendants have wrongfully converted the plaintiff's assets for their own use and purpose, with the intension to deprive plaintiff of his assets.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

B. Compensatory Damages

C. Punitive Damages

D. Interest

E. Attorney fees and costs

## COUNT FIVE

## FRAUD

22. Plaintiff repeats each and every allegation as contained in Count One through Four, as if repeated herein at length.

23.  The acts of the defendants constitute fraud by refusing to provide any communication accountings and repayment of monies, for their own benefit, and by trying to trick plaintiff into signing a general release to obtain repayment of the loans for educations purposes.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

    B. Compensatory Damages

    C. Punitive Damages

    D. Interest

    E. Attorney fees and costs

## COUNT SIX

## NEGLIGENCE

24. Plaintiff repeats each and every allegation as contained in Count One through Five, as if repeated herein at length.

25. Defendants have been negligent in their duty and obligation to Plaintiff's as an investor, failed to provide accounting and communication and has failed to manage and protect the assets of the plaintiffs.

    WHEREFORE, Plaintiff demands judgment for:

    A. Actual damages

    B. Compensatory Damages

    C. Punitive Damages

    D. Interest

    E. Attorney fees and costs

## COUNT SEVEN

26. Plaintiff repeats each and every allegation as contained in Count One through Six, as if repeated herein at length.

27. Defendant Michael Stern, Esq., thru the other defendants obtained two loans from Plaintiff, one for $36,000.00 and one for $18,000.00.

28. This defendant has failed to repay said loans through the other defendants, who were to collect said sums from this defendant.

29. Failure to repay by defendant Stern constitutes breach of contract and unjust enrichments.

WHEREFORE, Plaintiff demands judgment for:

A. Actual damages

B. Compensatory Damages

C. Punitive Damages

D. Interest

E. Attorney fees and costs


DATED:      January 16, 2008                    ___/s/ Santo J. Bonanno
                                                 Santo J. Bonanno, Esq.
                                                 Attorney for Plaintiff


## CERTIFICATION PURSUANT TO R. 4:5-1

It is hereby certified that the matter in controversy is not the subject of any matter pending to any other Court or of any pending arbitration proceeding, other than a workmen's compensation claim the docket number of which presently is unknown. No other action or arbitration proceeding is contemplated. I am presently unaware of any other parties who should be joined in this action.

Dated: JANUARY 16, 2008

                            /s/ Santo J. Bonanno, Esq.
                            _____
                              SANTO J. BONANNO, ESQ.
                              Attorney for Plaintiff